UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COMANCHE NATION, OKLAHOMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-328-F |
| ) | |
| UNITED STATES OF AMERICA, et al, ) | |
| ) | |
| Defendants. ) | |

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
PROPOSED WITNESS TESTIMONY
AND BRIEF IN SUPPORT

Plaintiff Comanche Nation, by and through its undersigned attorney, pursuant to FRE Rule 104, hereby moves the Court to exclude Defendants from presenting the following evidence to the Court at the hearing scheduled for May 6, 2005: the testimony of Jeff Hauser [*sic*, probably should be "Jeff Houser"], John McNeal, John Davis, and Rick Greliner [*sic*, probably should be "Rick Grellner"]. Plaintiff attempted, but failed, to reach agreement with Defendants concerning the exclusion of such witnesses by telephone on Monday, May 2, 2005 and Tuesday, May 3, 2005. The grounds for this motion are set out below.

1. Grounds to Exclude Testimony of All Four Witnesses

Counsel for Plaintiff Comanche Nation received the witness and exhibit list from Defendants filed with this Court late in the afternoon on April 28, 2005. The list sets out the witnesses that Defendants propose to call at the hearing scheduled for May 6, 2005. That hearing was scheduled to address the issues raised by the briefing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Briefing was submitted and completed on April 27, 2005. All four (4) witnesses proposed by

1

Defendants, however, will be called to testify regarding issues that were <u>not</u> raised or argued by Defendants in their Response Brief – to wit, arguments concerning irreparable harm and balance of harms, and arguments about the IGRA compacting process – and appear to be an attempt to present additional factual and legal argument to the Court that was not briefed.  Doing so will be a waste of the court's and parties' resources, and will result in prejudice to Plaintiff Comanche Nation.  Thus, the testimony should be excluded.

Where, as here, Defendants had the opportunity to raise and argue these legal and factual issues in their pre-hearing briefs, it is well within the court's discretion to exclude the use of witnesses to make the arguments that Defendants did not bother to brief.  <u>See</u> FRE 102 (rules should be construed to eliminate "unjustifiable expense and delay"); <u>Haberern v. Kaupp Vascular Surgeons Ltd. Defined Ben. Plan and Trust Agreement</u>, 812 F. Supp. 1376, 1378-79 (E.D. Pa. 1992) (excluding certain testimony in part on grounds that the parties would have ample opportunity to argue the legal issues in pretrial briefs).

Comanche Nation will be prejudiced by the presentation of new factual and legal argument.  As proponent of its motion for injunctive relief, Comanche Nation bears a certain burden of persuasion in its opening brief.  Corollary to that burden, however, is the opportunity to submit a brief in reply to the factual and legal arguments raised by Defendants in response.  It is prejudicial to the Plaintiff where Defendants do not raise certain arguments in their briefs in order to save them for surprise at the hearing, since Plaintiff would be denied its right of reply.  The Court should exercise its discretion to prohibit Defendants from employing such tactics under FRE Rule 403.  When read in light of FRE Rule 102, Rule 403 "contemplates a flexible scheme of discretionary

judgments by trial courts designed to minimize the evidentiary costs of protecting parties from unfair prejudice."  See United States v Jackson, 405 F.Supp. 938, 945 (E.D. N.Y. 1975).

Moreover, the briefing schedule here – developed in consultation with the judge who indicated an interest in resolving the matter expeditiously through such briefing – functioned, for the purposes of the upcoming hearing, as a means of putting the parties on notice of the need to set forth their relevant legal theories in the briefing.  The failure of a party to raise a legal issue in such briefs (or other documents, such as FRCP 16 pre-trial narratives) generally constitutes waiver of that issue, for reasons of fairness to the parties and judicial efficiency.  See, e.g., Huey v. UPS, 165 F.3d 1084, 1085 (7th Cir.1999) (holding that a local rule requiring the party to identify disputed issues of material fact or waive arguments related to those issues "contributes to the efficient management of judicial business"); Lexington Ins. Co. v. Cooke's Seafood, 835 F.2d 1364, 1368 (11th Cir.1988) ("Given the vast number of details competing for the attention of a federal district judge, reducing all issues to writing before the pretrial conference substantially assists the trial court in its ability to understand the issues and to prepare for trial.").  Defendants should be precluded from raising arguments and issues that they chose not to address in the court-ordered briefing.

2.  Grounds to Exclude Testimony of Rick Greliner

There are additional and separate grounds to exclude the testimony of proposed witness Rick Greliner [*sic*, probably should be "Rick Grellner"], an attorney for the Fort Sill Apache Tribe.  He is proposed as a witness in order to testify to "the compact, trust procedures, sovereignty issues, and Indian law jurisdiction."  Such testimony is not

evidence, but legal argument by counsel for a party that asserts an interest in this case, and, as such, should be excluded.  See, e.g., Loeb v. Hammond, 407 F.2d 779 (7th Cir. 1969) (holding that it was proper to exclude an attorney from testifying as to his opinion on the relevant legal issues); see also Crow Tribe of Indians v. Racicot, 87 F.3d 1039, 1045 (9th Cir. 1996) (rejecting tribe's offer of expert testimony on interpretation of an Indian Gaming Regulatory Act compact, and noting that expert testimony is improper on questions of law, since experts may only interpret and analyze factual evidence). Moreover, to the extent that Defendants would seek to characterize Mr. Greliner [*sic*] as an "expert" in these Indian law issues, his testimony should be excluded on the grounds that it does not constitute expert testimony under FRE 702 and 704.  See Okland Oil Co. v. Conoco, Inc., 144 F. 3d 1308, 1328 (10th Cir. 1998) ("an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts").  It is the job of the parties' representatives to present facts and make legal arguments, and it is the sole province of the judge to draw legal conclusions.

Even if the court does not exclude the testimony of the Fort Sill Apache Tribe officers, the testimony of Mr. Greliner [*sic*] should be excluded.

Respectfully submitted this 3rd day of May, 2005:

                                  James M. Burson

                                  s/ James Burson
                                  Bar Number: OB #20037
                                  Attorney for Plaintiff
                                  Hobbs, Straus, Dean & Walker, LLP
                                  117 Park Ave., Second Floor
                                  Oklahoma City, OK 73102
                                  Telephone: 405-602-9425
                                  Fax: 405-602-9426
                                  Email Address: jburson@hsdwok.com

## CERTIFICATE OF SERVICE

 I hereby certify that a true copy of this pleading was electronically transmitted to the Clerk of the District Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to these parties and counsel registered on ECF on May 3, 2005:

Robert McCampbell c/o Steve Mullins
United States Attorney for the Western
District of Oklahoma
210 West Park Avenue, Suite 400
Oklahoma City, OK 73102

  I hereby certify that a true and correct copy of this pleading was mailed, postage paid, on May 3, 2005, to each of the parties or counsel as indicated below, who are not registered on the Court's ECF system:

| | |
|---|---|
| Gale A. Norton<br>Secretary of the Interior<br>1849 "C" Street NW<br>6159 MIB<br>Washington, DC 20240 | Alberto Gonzales, Attorney General<br>U.S. Department of Justice<br>Office of the Attorney General<br>Attn:  Service of Process<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20004 |
| United States Department of Interior<br>Attn:  James Cason, Assistant Secretary<br>1849 "C" Street NW<br>Washington, DC 20240 | |