# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **COMANCHE NATION, OKLAHOMA** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIV 05-328-F** |
| -vs- ) | |
| ) | |
| **UNITED STATES OF AMERICA, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## UNITED STATES' MOTION TO DISMISS WITH BRIEF

On March 31, 2005, the Comanche Nation of Oklahoma (Tribe) filed a complaint in federal district court for the district of Oklahoma. The underlying issue in the Tribe's complaint, is its' challenge to the decision made by the Assistant-Secretary-Indian Affairs, to take land into trust on behalf of the Fort Sill Apache Tribe.

The Plaintiff also sought to enjoin the Department of Interior and Secretary Gale Norton from publishing a Tribal-State compact between the Fort Sill Apache Tribe (FSA) and the state of Oklahoma in the Federal Register in order to keep the Compact from taking effect.

1

## *1.  The Compact Issue*

Plaintiff Comanche Tribe of Oklahoma ("Tribe") seeks to enjoin from publication in the Federal Register the Tribal-State Gaming Compact between the Fort Sill Apache Tribe and the state of Oklahoma, which was approved on April 8, 2005 ("Fort Sill Compact").  Plaintiff does not challenge the Secretary's decision to approve the Fort Sill Compact, however.  Plaintiff seeks only to enjoin the Fort Sill Compact from taking effect.  Plaintiff asserts no jurisdictional basis for the injunctive relief sought against federal Defendants.  The *Administrative Procedure Act*, 5 U.S.C. § 702-706 only provides for certain specified judicial remedies against a final agency action by federal officers and agencies.  Plaintiff, however, does not seek injunctive relief against any final agency action by the Secretary.  Rather, Plaintiff seeks a remedy against an action that is not committed to agency discretion–publication of a compact that has been approved in the Federal Register.  *Indian Gaming Regulatory Act* (IGRA) 25 U.S.C. § 2710(d)(8)(D) states, "the Secretary *shall* publish in the Federal Register notice of any Tribal-State compact that is approved, or considered to have been approved, under this paragraph."  (Emphasis added).  Publication in the Federal Register is the final step in the IGRA process which gives effect to Secretarial approval, disapproval or no action taken of any Class III gaming activities provided for within a Tribal-State compact and is not committed to agency discretion.  The statute leaves no room for any alternative action once a decision to approve, disapprove or take no action on a compact has been made.  The Secretary has already approved the Tribal-State compact between the Fort Sill Apache Tribe and the state of Oklahoma as of April 8, 2005.  Once this decision was

made, Class III gaming activities are authorized to occur. Plaintiff, however, erroneously seeks an injunction over an action over which IGRA or the APA has provided no remedy.

## A.  STANDING

Here, Plaintiff cannot establish that it has standing to bring this action. Plaintiff seeks to enjoin the Tribal-State compact entered into by the Fort Sill Apache Tribe and the state of Oklahoma and alleges:

> Comanche Nation has now learned that Defendants are planning to imminently approve and publish in the Federal Register a Class III gaming compact for Indian gaming on Comanche Allotment 2329 without the consent or involvement of Comanche Nation. Unless Defendants are restrained from approving and/or publishing approval of the compact, Comanche Nation will be irreparably harmed through an unlawful deprivation of its jurisdictional authority. Moreover, once it becomes effective, the Compact may be difficult to collaterally attack, and its term will not expire until 2020. Comanche Nation's request for this emergency relief is narrowly tailored in that it seeks only to preserve the status quo until this Court shall have the opportunity to consider and rule on the merits of this case.

Complaint at pg. 2. Yet, Plaintiff cannot receive the relief it seeks because it seeks to prevent publication of a compact to which it is not a party. Plaintiff has no cognizable interest in the Fort Sill Compact, thus it cannot demonstrate any actual or imminent injury by the publication of this Compact in the Federal Register. Nor can Plaintiff show how its actual, underlying issue, its challenge to the status of the land referred to as Comanche Allotment 2329 is traceable to the publication of the Fort Sill Compact in the Federal Register. Finally, Plaintiff cannot show the Court how granting an injunction against publication of the Federal Register will address its

alleged injury–its claim that the Secretary improperly took land into trust for the Fort Sill Apache Tribe. These facts create a fatal flaw for Plaintiff's standing.

Standing is a threshold jurisdiction issue implicating Article III of the Constitution and may be decided without addressing the merits of a claim. *Bevill Co. v. Sprint/United Mgmt. Co.,* 77 Fed. Appx., 461, 462, 2003 WL 22285682 (10th Cir. 2003). To survive a standing challenge, the party invoking federal jurisdiction bears the burden of establishing three mandatory elements: (1) plaintiff must have suffered an "injury in fact"–a harm that is both "concrete" and "actual or imminent, not conjectural or hypothetical." (2) establish causation–a "fairly trace[able]" connection between the alleged injury in fact and the alleged conduct of the defendant; and (3) must demonstrate redressability–a "substantial likelihood that the requested relief will remedy the alleged injury in fact. *Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000) (citations omitted). To invoke federal jurisdiction, the plaintiff bears the burden of establishing all of these elements. *Lujan v. Defenders of Wildlife ("Lujan II"),* 504 U.S. 555, 565 (1992).

> 1. *Plaintiff does not demonstrate any actual or imminent injury that will ensue by publication of the Fort Sill Compact in the Federal Register.*

Plaintiff requests injunctive relief in order to stop the "deprivation of it jurisdictional authority." Complaint at pg. 2. Plaintiff, however, cannot establish that jurisdiction over the disputed parcel properly rests with the Comanche Nation. There can by no actual or concrete injury to a right, in this case jurisdiction over a parcel of land, when that particular right is in doubt. The underlying issue, which Plaintiff presents before this Court, is Plaintiff's challenge to

the Secretary's decision to take the disputed parcel into trust for the Fort Sill Apache. Thus, this Court must first adjudicate Plaintiff's allegations on this issue before any jurisdictional rights the Fort Sill Apache Tribe may have are unfairly taken away. Furthermore, Plaintiff cannot demonstrate an injury when it can claim no legal interest in a contract to which it is not a party. Compacts are contracts among its parties, and it remains a contract subject to normal rules of enforcement and construction even if Congressional consent elevates such a compact into a law of the United States. Oklahoma v. New Mexico, 501 U.S. 221 (1991). Only parties to a contract may enforce or challenge its terms. Bevill Company, Inc., 77 Fed. Appx. at 462, citing Castle v. United States, 301 F.3d 1328, 1337-39 (Fed. Cir. 2002). The compact which Plaintiff seeks to enjoin from going into effect is not its own, but that of another Tribe who has lawfully entered into a compact with the state of Oklahoma pursuant to the *Indian Gaming Regulatory Act*, 25 U.S.C. § 2701 et. Seq ("IGRA"). Thus, while Plaintiff may have standing to challenge a final agency action, which resulted in taking land into trust for the Fort Sill Apache Tribe, the Fort Sill Compact is only distantly related to the issue of any jurisdictional rights Plaintiff attempts to assert. Plaintiff confuses its rights in challenging the jurisdiction of another tribe over a disputed parcel of land with its rights to challenge a compact to which it is not a party. Since the tribe has no cognizable interest in the Fort Sill Compact, it has no standing to request that this Court enjoin it from taking effect.

    2.   *Publication of the Fort Sill Compact is not the cause of Plaintiff's underlying claim*

Plaintiff's request for injunctive relief cannot be granted by this Court because Plaintiff cannot demonstrate any causal connection between its claim that alleged Comanche Allotment

2329 was wrongfully taken into trust by the Secretary of the Interior and the fact that an approved Tribal-State compact must be published in the Federal Register.  At its heart, Plaintiff's claim involves the status of Indian land, not Indian gaming on said land.  Indeed, IGRA only governs the conduct and regulation of Class III gaming activities on Indian lands.  25 U.S.C. § 2702.  IGRA is not a statute governing the Secretary's duties to take land into trust. The process by which compacts are entered into and executed is completely distinct and separate from the process by which the Secretary takes land into trust.  Indeed, even should this Court grant a preliminary injunction to keep the Fort Sill Compact from going into effect, Plaintiff's underlying claim against the Secretary's decision to take land into trust for the Fort Sill Apache Tribe would still be at issue.  Whether or not gaming activities by the Fort Sill Apache Tribe occur does not resolve Plaintiff's jurisdictional claim.  Accordingly, Plaintiff fails to establish any causal connection between publishing the Fort Sill Compact in the Federal Register and Plaintiff's inability to assert jurisdiction over the parcel at issue in this case.

    3.    *Enjoining publication of the Federal Register will not resolve Plaintiff's alleged injury.*

Similar to the argument above, Plaintiff also fails to prove that keeping the Fort Sill Compact from going into effect will result in the Nation's ability to assert jurisdiction over the disputed parcel.  Any declaratory relief Plaintiff seeks over the disputed parcel cannot be remedied by preventing the Fort Sill Compact from going into effect, especially when this compact has already been approved and must be published in the Federal Register as mandated by IGRA, 25 U.S.C. § 2710(d)(8)(D)("the Secretary *shall* publish in the Federal Register notice of any Tribal-State compact that is approved, or considered to have been approved, under this

paragraph." (Emphasis added). Plaintiff's use of IGRA to obtain a declaration of the relief it seeks–that Plaintiff, and not the Fort Sill Apache Tribe, has jurisdiction over the disputed–cannot be sustained.

## B. INDISPENSABLE PARTY

The Comanche Nation's request for injunctive relief against the publication in the Federal Register of the Fort Sill Compact must be denied because the state of Oklahoma and the Fort Sill Apache Tribe are indispensable parties. Compacts are contracts. *Texas v. New Mexico*, 482 U.S. 124, 129 (1987), and thus, the parties to a contract are necessary to this action. Indian Tribes have routinely been deemed necessary parties to actions touching upon their property and contractual interests. *Enterprise Management Consultants v. United States, ex rel. Hodel*, 883 F.2d 890 (10th Cir. 1989)(tribe is an indispensable party to litigate the approval of a bingo management contract to which it was a party). The stated goal of Plaintiff's suit is to determine the lawfulness of the Secretary's decision to take land into trust for the Fort Sill Apache Tribe, land in which the Fort Sill Apache Tribe has a governmental interest. Accordingly, Plaintiff's efforts to enjoin publication of the Compact require dismissal under Rule 19(b).

## *2. The APA Claim*

### A. STATUTE OF LIMITATIONS

Plaintiff's claim is barred by the general six-year statute of limitations governing all civil actions against the Government. 28 U.S.C. § 2401(a). *Sendra v. Magaw*, 111 F.3d 162, 165 (D.C. Cir. 1997); **see also,** *Impro Prods., Inc. v. Block*, 722 F.2d 845, 850-51. (DC Cir. 1983).

Plaintiff characterizes the deed transfer approved by the Area Director on April 2, 1999, as a final agency action. However, the March 11, 1999, decision to acquire Fort Sill parcel by the Acting Assistant Secretary - Indian Affairs was the final decision for the Department, making Plaintiff's March 23, 2005, filing untimely.

As the BIA's regulations state, decisions by the Assistant Secretary - Indian Affairs shall be final for the Department:

> Decisions made by the Assistant Secretary - Indian Affairs shall be final for the Department and effective immediately unless the Assistant Secretary - Indian Affairs provides otherwise in the decision.

25 C.F.R. § 2.6(c). Indeed, in its recent Reply the Plaintiff conceded that Interior's "own regulations make clear a decision by the [Assistant Secretary for Indian Affairs] is deemed to be 'final' for purposes of APA review," and that "[a]pproval of the transfer at issue was a final decision made by the [Assistant Secretary] and is subject to judicial review."

Thus, when the Acting Assistant Secretary - Indian Affairs issued his decision in the March 11, 1999, it was final for the Department. The March 11, 1999, memorandum to the Area Director informed him that the Acting Assistant Secretary - Indian Affairs had approved the acquisition and authorized him, pursuant to delegated authority in 209 DM 8, Secretarial Order No. 3150, as amended, and 10 BIAM 13, as amended, to approve the property conveyance. The transfer of the deed on April 2, 1999, was completed in response to the Acting Assistant Secretary - Indian Affair's final determination to acquire the Fort Sill parcel, but was not a final agency action. Because Plaintiff filed its complaint on March 23, 2005, more than six years after

8

the final decision of March 11, 1999, was made, Plaintiff's claim is untimely and is barred by the statute of limitations.[1]

The failure is fundamental, in that a District Court lacks subject matter jurisdiction where Congress has not consented to suit against the United States. **See,** <u>Loudner v. United States</u>, 108 F.3d 896, 900 (8th Cir. 1997). A statute of limitations is an express term of Congress' consent. As such a late claim against the Government is a claim to which Congress has not consented, and the District Court lacks jurisdiction. Id. at 900, n. 1.

### B. QUIET TITLE ACT

Plaintiff claims that the United States has waived its sovereign immunity pursuant to the *Administrative Procedures Act* (APA), 5 U.S.C. § 702. However, the APA does not provide a waiver of sovereign immunity in this case. The APA waives federal sovereign immunity for suits against federal officers, but it expressly confers no "authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702(2). The *Quiet Title Act* (QTA) is a statute that forbids relief under the APA. In <u>Block v. North Dakota</u>, 461 U.S. 273 (1983), the United States Supreme Court held that the Quite Title Act provides the exclusive means by which adverse claimants can challenge the United States' title to real property, and rejected the contention that the APA is a supplemental

---

[1] Plaintiff alleges that it did not receive notice of the proposed acquisition or of the Assistant Secretary - Indian Affair's decision to acquire the Fort Sill parcel. Even if this is the case , the regulations state that a failure to give notice of a decision shall not affect the validity of the decision. 25 C.F.R. § 2.7(b).

remedy to the *Quiet Title Act*. *Id*. at 286. Because the court has no jurisdiction over this suit pursuant to the APA, jurisdiction must be found under the *Quiet Title Act*.

However, the Quiet Title Act forbids the relief that Plaintiff is seeking. The *Quiet Title Act* contains a limited waiver of sovereign immunity, and governs "civil [actions] ... to adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). However, Congress expressly excluded "trust or restricted Indian lands" from the waiver of sovereign immunity that allowed parties to sue the United States to adjudicate a disputed title to real property. *Id*. "Thus, when the United States claims an interest in real property based on that property's status as trust or restricted lands, the *Quiet Title Act* does not waive the Government's immunity." <u>United States v. Mottaz</u>, 476 U.S. 834, 843 (1986). In this case, because the United States holds title to the Fort Sill parcel in trust for the benefit of the Fort Sill Apache Tribe, Plaintiff's claim cannot be brought under the *Quiet Title Act* because the court lacks jurisdiction to hear the case.

In <u>Rational Development v. Norton</u>, 379 F.3d 956 (10th Cir. 2004), a citizens group challenged the Government's trust acquisition on behalf of a Pueblo Tribe in New Mexico on the ground the Government failed to comply with the NEPA, seeking "declaratory judgment that the trust acquisition is null and void." The group sought APA review, arguing the QTA did not apply because it was "not an adverse claimant seeking to quiet title in the property." The Government countered that the suit was "equivalent of a quiet title action" in light of the relief sought declaring the acquisition void. The 10th Circuit held that the nature of the relief requested indeed "[fell] within the scope of suits the Indian trust land exemption in the Quiet Title Act was designed to prevent."

10

Here it seems just as clear the Comanche lawsuit suit falls within the QTA's trust land exemption, in that it seeks declaratory relief including that "the transfer ... is invalid and without effect ... and that the parcel ... remains held in trust by the United States for the prior owner." The Comanche plainly seek to "adjudicate a disputed title" within the meaning of the QTA by compelling the United States to take the property into trust for the benefit of, and effectively quieting title in, a Comanche allottee (a willing seller in the transaction, which if voided gives rise to a host of complicated questions).  The nature of the relief sought - invalidating the trust transfer and directing the U.S. to hold the land in trust for another party - is an action to "adjudicate disputed title to real property in which the United States claims an interest..." within the meaning of the QTA, and the Indian trust lands exception means sovereign immunity applies to bar the action.

### C.  PROPER DECISION

Plaintiff claims that the acquisition of the Fort Sill parcel was improper because the regulations at 25 C.F.R. § 151.8 require that Comanche give its consent.  Section 151.8 states in pertinent part:

> An individual Indian or tribe may acquire land in trust status on a reservation other than its own only when the governing body of the tribe having jurisdiction over such reservation consents in writing to the acquisition.

However, the Plaintiff ignores the Ft. Sill Apache (Chiricahua), *Executive Order Title Decision*, 41 Ind. Cl. Commission (1977)  holding that compensable executive order title (equivalent to reservation title) in lands taken from Fort Sill vested in the Chiricahua Apache (successors in interest to the FSA Tribe) who settled there.  It is this Chiricahua title to lands of the former

KCA reservation (not extinguished until 1912, some 12 years after Congress abolished the KCA reservation) that supports the Acting Assistant Secretary - Indian Affairs decision.

In his March 29, 1996, memorandum to the Assistant Secretary - Indian Affairs, the Associate Solicitor for Indian Affairs concluded that the consent of the other tribes was not required for the Fort Sill Apache to acquire land in trust on its own reservation. The Associate Solicitor concluded that the situation of the four tribes is not squarely addressed by the regulations, and does not present the situation where a tribe seeks to acquire trust land on a reservation wholly controlled by a different tribe. Each of the tribes, the Associate Solicitor concluded, has jurisdiction over some areas of the reservation. Thus, any trust acquisition by the KCA Tribes or the Fort Sill Apache Tribe on the former KCA reservation is not on another tribe's reservation. Accordingly, there is no need for the four tribes to seek consent of all the others in order to acquire land in trust within the former KCA reservation.

The Comanche Tribe seems to be attempting to analogize this case to Citizen *Band Potawatomi Indian Tribe of Oklahoma v. Collier*, 142 F.3d 1325, 1331 (10th Cir. 1998), cert. denied, 525 U.S. 947 (1998). (Absentee Shawnee held unable to acquire territory in the lands of the former Potawatomi reservation without consent). However, the decision of the Acting Assistant Secretary - Indian Affairs correctly perceived the factual difference in this case. Each of four tribes have jurisdiction over some area of the former reservation.

# **CONCLUSION**

The court lacks jurisdiction over this action.  The case must be dismissed.

        ROBERT G. McCAMPBELL
        United States Attorney


        /s/ Steven K. Mullins
        Steven K. Mullins, # 6504
        Assistant U.S. Attorney
        210  Park Avenue, Suite 400
        Oklahoma City, OK 73102
        405/553-8804   Fax 405/553-8885


## **CERTIFICATE OF SERVICE**

 X    I hereby certify that a true copy of this pleading was electronically transmitted to the Clerk of the District Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the parties and counsel registered on ECF:

James M. Burson
William R. Norman

        /s/ Steven K. Mullins
        Assistant U.S. Attorney