UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COMANCHE NATION, OKLAHOMA, )<br>)<br>)<br>Plaintiff )<br>)<br>-vs- )<br>)<br>UNITED STATES OF AMERICA, et al )<br>)<br>Defendants. ) | Case No. CIV-05-328-F |

## MOTION BY FORT SILL APACHE TRIBE OF OKLAHOMA
## FOR LEAVE TO INTERVENE AS PARTY-DEFENDANT

The Fort Sill Apache Tribe of Oklahoma (FSA Tribe), a federally-recognized Indian tribe, respectfully requests that this Court grant leave to intervene as a party-defendant pursuant to Fed.R.Civ.P. 24(a)(2) or 24(b), in order to defend against all claims alleged in the Complaint for Injunctive and Declaratory Relief and Costs filed March 23, 2005, and ensure to the greatest possible extent the FSA Tribe is not harmed and its interests are protected.  The grounds for this Motion are set forth in the accompanying Brief.  A proposed Order also accompanies this Motion.

Respectfully submitted this 12th day of May, 2005,

/s/ Robert E. Prince
Robert E. Prince, OBA No. 7316
Attorney at Law
632 S.W. "D" Avenue
Lawton, Oklahoma 73501
Telephone:  580.248.8015
Facsimile:   580.353.6888
Email: lawyers2@sbcglobal.net

 /s/ Richard J. Grellner
Richard J. Grellner, OBA No. 15521
Law Office of Richard J. Grellner
5300 W. Memorial Road, Suite 14-C
Oklahoma City, Oklahoma   73142
Telephone: 405.603.6530
Facsimile: 405.603.6812
Email: rjgrellner@hotmail.com

Attorneys for Fort Sill Apache
Tribe of Oklahoma

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this pleading was electronically transmitted to the Clerk of the District Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to these parties and counsel registered on ECF:

| | |
|---|---|
| William R. Norman, Jr. | Robert McCampbell c/o Steve Mullins |
| James M. Burson | United States Attorney for the Western |
| Hobbs, Straus, Dean & Walker, LLP, | District of Oklahoma |
| 117 Park Avenue, Second Floor | 210 West Park Avenue, Suite 400 |
| Oklahoma City, Oklahoma 73102 | Oklahoma City, Oklahoma 73102 |

I hereby certify that a true and correct copy of this pleading was mailed, postage paid, on May 12, 2005, to each of the parties or counsel as indicated below, who are not registered on the Court's ECF system:

| | |
|---|---|
| Gale A. Norton | Alberto Gonzales, Attorney General |
| Secretary of the Interior | U.S. Department of Justice |
| 1849 "C" Street NW | Office of the Attorney General |
| 6159 MIB | Attn:  Service of Process |
| Washington, DC 20240 | 950 Pennsylvania Avenue, NW |
| | Washington, DC 20004 |

United States Department of Interior
Attn:  James Cason, Assistant Secretary
1849 "C" Street NW
Washington, DC 20240

 /s/ Robert E. Prince
Robert E. Prince, OBA No. 7316

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COMANCHE NATION, OKLAHOMA, | ) ) ) |
| Plaintiff | ) ) |
| -vs- | ) Case No. CIV-05-328-F ) |
| UNITED STATES OF AMERICA, et al | ) ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF MOTION BY FORT SILL APACHE**
**TRIBE OF OKLAHOMA TO INTERVENE AS PARTY-DEFENDANT**

**INTRODUCTION**

The Fort Sill Apache Tribe of Oklahoma ("FSA" or "FSA Tribe") and its members are descendants of the Chiricahua Apache, who came as prisoners of war to the Fort Sill Military Reserve in 1894 during the course of a 27 year imprisonment at the hands of the United States Army that did not ultimately end until 1913. The FSA are a small tribe: Chairman Jeff Houser testified in the hearing of May 6, 2005 before this Court that its membership stands at about 580. It has little in the way of financial resources: The revenue sustaining its social and educational programs, and vital per capita payments to members, derives entirely from gaming and related activity being conducted pursuant to the Indian Gaming Regulatory Act on land taken into trust for its benefit by the United States pursuant to a final decision of the Assistant Secretary for Indian Affairs rendered March 11, 1999.

Plaintiff Comanche Nation is a large and prosperous tribe: Chairman Wallace Coffey has testified to membership exceeding 12,000, and to numerous commercial activities, including

gaming operations at a site nearby the FSA casino and elsewhere, which alone bring in more than a million dollars in net monthly revenue.

On March 23, 2005, Plaintiff brought suit against the United States for relief including "a judgment ... declaring that the transfer of the ... [land into trust for the FSA Tribe] is invalid and without affect [sic], and that the parcel at issue remains held in trust by the United States for the prior owner," Complaint for Injunctive and Declaratory Relief and Costs ("Complaint"), Prayer for Relief, ¶ 1, relief which would eliminate economic competition from the nearby FSA casino, and end the FSA Tribe's ability to fund vital social and educational programs for its members.

Plaintiff also sought to prevent Class III gaming from taking place at the FSA casino, id., Prayer for Relief, ¶¶ 4 and 5, and on March 31, 2005 moved for a temporary restraining order against publication of the Class III compact between the FSA Tribe and State of Oklahoma in the Federal Register.

On May 6, 2005, the Court entered an Order restraining such publication for a period of ten days pending resolution of issues deriving from a motion to dismiss filed that same day by the United States, on grounds including lack of requisite standing to challenge publication of a Class III compact; failure to bring the action pursuant to the Administrative Procedures Act within six years of final agency decision as required by 28 U.S.C. §2401; sovereign immunity deriving from the Indian trust lands exception to the Quiet Title Act, 28 U.S.C. §2409a(a), otherwise the sole basis for "adjudicat[ing] a disputed title to real property in which the United States claims an interest ....", ibid.; and compliance on the part of the United States with relevant trust acquisition principles in light of the history of the Chiricahua Apache in the lands of the

former KCA Reservation. The Comanche Nation is scheduled to respond to the Government's motion to dismiss no later than May 13, 2005.

The FSA Tribe now seeks leave to intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2), in order to defend a trust acquisition and attendant commercial activities that are absolutely critical to the well-being of the FSA Tribe and its members. In the alternative, and for the same reasons, the FSA Tribe seeks leave to intervene on a permissive basis pursuant to Fed.R.Civ.P. 24(b).

## ARGUMENT

### I. THE FSA TRIBE SHOULD BE GRANTED LEAVE TO INTERVENE AS OF RIGHT PURSUANT TO RULE 24(a)(2)

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides for intervention as of right when, upon timely application:

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Tenth Circuit has "tended to follow a somewhat liberal line in allowing intervention." Utahns for Better Transportation v. U.S. Dept. of Transportation, 295 F.3d 1111, 1115 (10th Cir. 2002); accord, Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1249 (10th Cir. 2001). Leave to intervene pursuant to Rule 24(a)(2) should be granted when:

> (1) the application is "timely"; (2) "the applicant claims an interest relating to the property or transaction which is the subject matter of the action; (2) the applicant's interest "may as a practical matter" be "impair[ed] or impeded"; and (4) "the applicant's interest is not adequately represented by the existing parties."

Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior, 100 F.3d 837, 840 (10th Cir. 1996) (quoting Fed.R.Civ.P. 24(a)(2)).

    A.    <u>The Application is Timely</u>

In the Tenth Circuit "the timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances....'" (citation omitted).  <u>Sanguine, Ltd. v. United States Department of Interior</u>, 736 F.2d 1416, 1418 (10th Cir. 1984).  The motion here comes less than two months after commencement of the action, and the FSA Tribe's presence as party-defendant should not "prejudice ... existing parties" in any way.  We submit there exist no "unusual circumstances" somehow militating against intervention.

    B.    <u>The FSA Tribe's Interests Relate to the Land and Trust</u>
           <u>Transfer That Are the Subject Matters of the Action</u>

The FSA Tribe is the beneficial owner of trust land the Plaintiff seeks to have adjudged "remain[ing] held in trust by the United States for the prior owner," Complaint, Prayer for Relief, ¶ 1, and as such has fundamental interests in the land and propriety of the transfer that meet the test of Rule 24(a)(2) intervention.  See <u>Utah Ass'n of Counties v. Clinton</u>, <u>supra</u> at 1252 ("[t]he interest of the intervenor is not measured by the particular issue before the court but is instead measured by whether the interest the intervenor claims is related to the property that is the subject matter of the action.").

    C.    The Disposition of the Matter May Impair
           <u>The FSA Tribe's Ability to Protect Its Interests</u>

The Tenth Circuit has suggested that "the question of impairment is not separate from the question of existence of an interest [relating to the subject matter]," <u>Natural Resources Defense Council v. United States Nuclear Regulatory Commission</u>, 578 F.2d 1341, 1345 (10th

Cir. 1978). It has also made clear that "[t]o satisfy this element of the intervention test, a would-be intervenor must show only that impairment of a substantial legal interest is possible if intervention is denied. The burden is minimal." Utah Ass'n of Counties v. Clinton, supra at 1245.

Here there can be little doubt an outcome adverse to its interests would be devastating to the FSA Tribe's current ability to serve and protect the welfare of the tribe and its members, and could well doom any prospect of acquiring other land in trust for economic development purposes.

D. The FSA Tribe's Interests Are Not Adequately Represented

In Trbovich v. United Mine Workers of America, 404 U.S. 528 (1972), the Supreme Court concluded a Rule 24(a)(2) applicant carries a "minimal" burden of showing its interests to be inadequately represented, needing only to demonstrate that "representation of his interest 'may be' inadequate." Id. at 538, n. 10. The Tenth Circuit too has had occasion to emphasize that "[t]he possibility ... the interests of the applicant and the parties may diverge 'need not be great' in order to satisfy this minimal burden." Utah Ass'n of Counties, supra at 1254.

The FSA Tribe's interests correspond closely with the interests of the United States in defending the decision of the Assistant Secretary for Indian Affairs to approve the trust acquisition on behalf of the FSA, and to secure prompt publication of the Class III compact in the Federal Register. However, these interests do not correspond exactly. The Government has interests in a broad range of policies concerning the administration of Indian lands that may or may not prove to coincide with the FSA Tribe's specific and narrow interests in this case.

Moreover, the FSA Tribe can bring to bear an intimate knowledge of the Chiricahua

Apache history on the Fort Sill Military Reserve from 1894 until 1913, and the abolishment of the KCA Reservation by the Act of June 6, 1900, see Lone Wolf v. Hitchcock, 187 U.S. 553 (1903) (upholding abrogation of 1867 Treaty of Medicine Lodge and abolishment of KCA Reservation based on Congress' "plenary" authority in regulation of Indian affairs), which could well prove useful in resolving the "consent" issue before the Court.  Complaint, Prayer for Relief, ¶ 6 (seeking injunction against "holding or accepting ... [land now in trust for FSA Tribe] in trust for any other tribe unless and until the Comanche Nation consents to such a transfer").  In addition, we respectfully submit the FSA Tribe should also be party to any discussions directed to settlement of issues bearing directly upon the tribe's general welfare.  See American Horse Protection Ass'n, Inc. v. Venman, 200 F.R.D. 153, 159 (D.D.C. 2001) (intervenor "obviously should be a party to those discussions and the expertise of its members may prove useful and necessary to any such discussions").

> II.   THE FSA TRIBE SHOULD BE GRANTED LEAVE TO
> INTERVENE PERMISSIVELY PURSUANT TO RULE 24(b)

Rule 24(b) of the Federal Rules of Civil Procedure provide that

> [u]pon timely application anyone may be permitted to intervene in an action ...
> when an applicant's claim or defense and the main action have a question of law
> or fact in common....  In exercising its discretion the court shall consider whether
> the intervention will unduly delay or prejudice the adjudication of the rights of the
> original parties.

For reasons stated in support of Rule 24(a)(2) intervention, we submit there can be little doubt the FSA Tribe's defenses to an action seeking to invalidate the trust transfer and prevent publication of the Class III compact in the Federal Register "have ... question[s] of law [and] fact in common."  It is equally clear that intervention within two months of commencement of the

suit will not "unduly delay or prejudice the adjudication of the rights of the original parties." <u>Ibid.</u>

The Court's discretion with respect to permissive intervention is extraordinarily broad. 7C Wright, Miller & Kane, Federal Practice and Procedure §1913, at 376-77 ("If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention"). We respectfully submit the circumstances warrant exercise of this broad discretion in favor of permissive intervention, should the Court find the FSA Tribe has failed to demonstrate the propriety of mandatory intervention pursuant to Rule 24(a)(2).

## **CONCLUSION**

For the foregoing reasons, the Fort Sill Apache Tribe of Oklahoma respectfully requests that this Court grant leave to intervene as a party-defendant on a mandatory basis pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure; or, in the alternative, that the Court grant permissive intervention pursuant to Rule 24(b).

Respectfully submitted this 12th day of May, 2005.

    /s/ Robert E. Prince  
Robert E. Prince, OBA No. 7316  
Attorney at Law  
632 S.W. "D" Avenue  
Lawton, Oklahoma 73501  
Telephone:  580.248.8015  
Facsimile:   580.353.6888  
Email: lawyers2@sbcglobal.net

/s/ Richard J. Grellner
Richard J. Grellner, OBA No. 15521
Law Office of Richard J. Grellner
5300 W. Memorial Road, Suite 14-C
Oklahoma City, Oklahoma   73142
Telephone: 405.603.6530
Facsimile: 405.603.6812
Email: rjgrellner@hotmail.com

Attorneys for Fort Sill Apache
Tribe of Oklahoma

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this pleading was electronically transmitted to the Clerk of the District Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to these parties and counsel registered on ECF:

| | |
|---|---|
| William R. Norman, Jr. | Robert McCampbell c/o Steve Mullins |
| James M. Burson | United States Attorney for the Western |
| Hobbs, Straus, Dean & Walker, LLP, | District of Oklahoma |
| 117 Park Avenue, Second Floor | 210 West Park Avenue, Suite 400 |
| Oklahoma City, Oklahoma 73102 | Oklahoma City, Oklahoma 73102 |

I hereby certify that a true and correct copy of this pleading was mailed, postage paid, on May 12, 2005, to each of the parties or counsel as indicated below, who are not registered on the Court's ECF system:

| | |
|---|---|
| Gale A. Norton | Alberto Gonzales, Attorney General |
| Secretary of the Interior | U.S. Department of Justice |
| 1849 "C" Street NW | Office of the Attorney General |
| 6159 MIB | Attn:  Service of Process |
| Washington, DC 20240 | 950 Pennsylvania Avenue, NW |
| | Washington, DC 20004 |

United States Department of Interior
Attn:  James Cason, Assistant Secretary
1849 "C" Street NW
Washington, DC 20240

/s/ Robert E. Prince
Robert E. Prince, OBA No. 7316