UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COMANCHE NATION, OKLAHOMA, | ) ) ) |
|       Plaintiff | ) ) |
| -vs- | ) ) |
| UNITED STATES OF AMERICA, et al | ) ) |
|       Defendants. | ) ) |

Case No. CIV-05-328-F

### ANSWER AND AFFIRMATIVE DEFENSES OF
### INTERVENOR FORT SILL APACHE TRIBE OF OKLAHOMA

#### INTRODUCTION

Intervenor Fort Sill Apache Tribe of Oklahoma ("FSA Tribe") admits the United States has taken the parcel identified into trust for the benefit of the FSA Tribe, but otherwise denies the allegations in the Introduction to Plaintiff's Complaint for Injunctive and Declaratory Relief and Costs ("Complaint" hereafter).

#### PARTIES

1. The FSA Tribe denies Plaintiff exercises jurisdiction over former Comanche Allotment 2329, but otherwise admits the allegations in paragraph 1.

2. The FSA Tribe admits the allegations in paragraph 2.

3. The FSA Tribe admits the allegations in paragraph 3.

4. The FSA Tribe admits the allegations contained in the first and last sentences of paragraph 4. The remainder of paragraph 4 contains conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

5. The FSA Tribe admits the allegations contained in paragraph 5.

## JURISDICTION AND VENUE

6. The FSA Tribe admits the existence of federal question jurisdiction, but denies that any ground exists to warrant entry of declaratory or injunctive relief.

7. The FSA Tribe denies the allegations in paragraph 7.

8. The FSA Tribe admits venue lies in the U.S. District Court for the Western District of Oklahoma.

## GENERAL ALLEGATIONS

9. The FSA Tribe admits the allegations contained in paragraph 9.

10. The FSA Tribe admits the allegations contained in paragraph 10.

11. The FSA Tribe admits the allegations contained in paragraph 11.

12. The FSA Tribe admits the allegations contained in paragraph 12.

13. The FSA Tribe denies the allegations contained in paragraph 13.

14. The FSA Tribe denies the allegations contained in paragraph 14.

15. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in paragraph 15.

16. The FSA Tribe denies the allegations contained in paragraph 16.

17. The FSA Tribe admits the allegations contained in the concluding sentence of paragraph 17, but denies the remainder of the allegations.

18. The FSA Tribe lacks sufficient information to admit or to deny the allegations in paragraph 18.

19. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in paragraph 19.

20. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in paragraph 20.

21. The FSA Tribe admits the allegations contained in paragraph 21.

22. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in the first and second sentences of paragraph 22, and admits the allegations contained in the concluding sentence.

23. The FSA Tribe admits the allegations contained in paragraph 23.

24. The FSA Tribe admits the allegations contained in paragraph 24.

25. The FSA Tribe admits the allegations contained in paragraph 25.

26. The FSA Tribe admits the Plaintiff objected to, and the BIA denied, acquisition of the parcel in question.

27. The FSA Tribe admits the allegations contained in paragraph 27.

28. The FSA Tribe admits the allegations contained in paragraph 28.

29. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in paragraph 29.

30. The FSA Tribe denies the allegations contained in paragraph 30.

31. Paragraph 31 contains argumentative general assertions embodying conclusions of law, to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations contained in paragraph 31.

32. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in paragraph 32.

33. The Indian Gaming Regulatory Act ("IGRA") speaks for itself and the allegations contained in paragraph 33 require no further response. To the extent any answer is required, the FSA Tribe denies the allegations.

34. The IGRA speaks for itself and the allegations contained in the first sentence of paragraph 34 require no further response. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in the remainder of paragraph 34.

35. Paragraph 35 contains conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

36. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in paragraph 36.

37. The FSA Tribe lacks sufficient information to admit or to deny the allegations in paragraph 37 pertaining to unspecified "activities" on the subject parcel, and is not required to respond to conclusions of law contained in the last phrase of paragraph 37. To the extent any answer is required, the FSA Tribe denies the allegations.

38. The FSA Tribe admits that the Department of Interior reviewed a Class III compact between the FSA Tribe and the State of Oklahoma, and is not required to respond to the conclusions of law contained in the last phrase of paragraph 38. To the extent any answer is required, the FSA Tribe denies the allegations.

39. The FSA Tribe admits the allegations contained in paragraph 39.

40. The FSA Tribe admits the allegations contained in paragraph 40.

41. The FSA Tribe admits the allegations contained in paragraph 41.

42. The FSA Tribe denies the allegations contained in paragraph 42.

43. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in paragraph 43, and is not required to respond to conclusions of law contained in the last phrase. To the extent any answer is required, the FSA Tribe denies the allegations.

FIRST CLAIM FOR RELIEF

44. The FSA Tribe incorporates by reference the answers to paragraphs 1 - 43.

45. The Treaties of Medicine Lodge speak for themselves. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in the last sentence of paragraph 45.

46. The FSA Tribe admits the allegations contained in paragraph 46.

47. The Treaties of Medicine Lodge speak for themselves.

48. The FSA Tribe denies the allegations contained in paragraph 48.

49. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in paragraph 49.

50. The FSA Tribe admits that the Assistant Secretary for Indian Affairs authorized the trust transfer to take place. The last phrase of paragraph 50 states a legal conclusion to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

51. Paragraph 51 states a legal conclusion to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

52. Paragraph 52 contains argumentative general assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

53. Paragraph 53 contains argumentative general assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

54. Paragraph 54 contains conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

## SECOND CLAIM FOR RELIEF

55. The FSA Tribe incorporates by reference the answers to paragraphs 1 - 54.

56. The provisions of the Code of Federal Regulations speak for themselves and no further response is required to paragraph 56.

57. The FSA Tribe denies the allegations contained in paragraph 57.

58. Paragraph 58 contains argumentative general assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

59. Paragraph 59 contains an argumentative assertion embodying a conclusion of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

60. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in paragraph 60.

61. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in paragraph 61.

62. Paragraph 62 contains an argumentative assertion embodying a conclusion of law to which the FSA Tribe is not required to respond. The FSA Tribe lacks sufficient information to admit or to deny the allegation contained in the second sentence of paragraph 62.

63. The FSA Tribe admits the Assistant Secretary for Indian Affairs approved the trust transfer in a final decision rendered March 11, 1999, and that thereafter the parcel was taken into trust by the United States for the benefit of the FSA Tribe.

64. Paragraph 64 contains argumentative assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

65. Paragraph 65 contains argumentative assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

66. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in paragraph 66.

67. Paragraph 67 contains argumentative assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

### THIRD CLAIM FOR RELIEF

68. The FSA Tribe incorporates by reference the answers to paragraphs 1 - 67.

69. Paragraph 68 contains conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

70. Paragraph 70 contains argumentative assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

71. Paragraph 71 contains argumentative assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

72. Paragraph 72 contains argumentative assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

73. Paragraph 73 contains argumentative assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

74. Paragraph 74 contains argumentative assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

75. Paragraph 75 contains argumentative assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

76. Paragraph 76 contains argumentative assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

77. Paragraph 77 contains a conclusion of law to which the FSA Tribe is not required to respond. The FSA Tribe lacks sufficient information to admit or to deny the final clause of paragraph 77. To the extent any answer is required, the FSA Tribe denies the allegations in paragraph 77.

## FOURTH CLAIM FOR RELIEF

78. The FSA Tribe incorporates by reference the answers to paragraphs 1 - 77.

79. The FSA Tribe lacks sufficient information to admit or to deny the allegations contained in paragraph 77. The final phrase of paragraph 77 embodies a legal conclusion to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations in paragraph 79.

80. The FSA Tribe admits the allegations contained in paragraph 80.

81. The FSA Tribe admits the allegations contained in paragraph 81.

82. The purported "notice" speaks for itself.

83. Paragraph 83 contains argumentative assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

84. Paragraph 84 contains argumentative assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

85. Paragraph 85 contains argumentative assertions embodying conclusions of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

86. Paragraph 86 embodies a conclusion of law to which the FSA Tribe is not required to respond. To the extent any answer is required, the FSA Tribe denies the allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state any claim on which relief can be granted.

### Second Affirmative Defense

Plaintiff lacks standing to assert the claims made in the Complaint's Third Claim for Relief.

### Third Affirmative Defense

The action is barred by the applicable statute of limitations.

### Fourth Affirmative Defense

The action is barred by the sovereign immunity of the United States.

Respectfully submitted this 12th day of May, 2005,

/s/ Robert E. Prince
Robert E. Prince, OBA No. 7316
Attorney at Law
632 S.W. "D" Avenue
Lawton, Oklahoma 73501
Telephone:  580.248.8015
Facsimile:   580.353.6888
Email: lawyers2@sbcglobal.net

/s/ Richard J. Grellner
Richard J. Grellner, OBA No. 15521
Law Office of Richard J. Grellner
5300 W. Memorial Road, Suite 14-C
Oklahoma City, Oklahoma   73142
Telephone: 405.603.6530
Facsimile: 405.603.6812
Email: rjgrellner@hotmail.com

Attorneys for Fort Sill Apache
Tribe of Oklahoma

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this pleading was electronically transmitted to the Clerk of the District Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to these parties and counsel registered on ECF:

| | |
|---|---|
| William R. Norman, Jr. | Robert McCampbell c/o Steve Mullins |
| James M. Burson | United States Attorney for the Western |
| Hobbs, Straus, Dean & Walker, LLP, | District of Oklahoma |
| 117 Park Avenue, Second Floor | 210 West Park Avenue, Suite 400 |
| Oklahoma City, Oklahoma 73102 | Oklahoma City, Oklahoma 73102 |

I hereby certify that a true and correct copy of this pleading was mailed, postage paid, on May 12, 2005, to each of the parties or counsel as indicated below, who are not registered on the Court's ECF system:

| | |
|---|---|
| Gale A. Norton | Alberto Gonzales, Attorney General |
| Secretary of the Interior | U.S. Department of Justice |
| 1849 "C" Street NW | Office of the Attorney General |
| 6159 MIB | Attn:  Service of Process |
| Washington, DC 20240 | 950 Pennsylvania Avenue, NW |
| | Washington, DC 20004 |

United States Department of Interior
Attn:  James Cason, Assistant Secretary
1849 "C" Street NW
Washington, DC 20240

/s/ Robert E. Prince
Robert E. Prince, OBA No. 7316

11