# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COMANCHE NATION, OKLAHOMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-05-328-F |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendant. ) | |

### ORDER

On October 1, 2008, the court held a hearing in this matter. The purpose of the hearing was to hear arguments of counsel with respect to the issues raised by the Supplemental Brief in Support of Motion for Enforcement of Agreement of Compromise and Settlement, filed by the defendant, Fort Sill Apache Tribe of Oklahoma, on July 31, 2008 (doc. no. 102). As indicated by the title of that filing, it was filed as a supplemental brief, with respect to the underlying motion, namely the Motion by Fort Sill Apache Tribe of Oklahoma for Enforcement of Agreement of Compromise and Settlement, filed on March 11, 2008 (doc. no. 84).

By this order, the court completes its consideration and disposition of that motion. Some review of the history of this matter is necessary.

This action was filed on March 23, 2005. The plaintiff was, and is, the Comanche Nation of Oklahoma. However, it has not been necessary for the Comanche Nation to actively participate in the recent proceedings. At the risk of oversimplification, in the complaint as filed, the Comanche Nation took issue with the actual and proposed use, by the Fort Sill Apache Tribe, of certain real property in

Lawton, Oklahoma (which had been a portion of lands allotted to the Comanche Nation) for gaming purposes. (This description of the matter would be deficient for most purposes but sufficient for present purposes.) After approximately two years of litigation, the parties resolved the matter. On March 9, 2007, the court entered an Order Approving Agreement of Compromise and Settlement (doc. no. 82). In that order, the court formalized its approval of a written settlement agreement. The written settlement agreement, titled Agreement of Compromise and Settlement Recitals, was signed by the Comanche Nation, the Fort Sill Apache Tribe, the United States of America, and the United States Department of the Interior. It is on file in this case as doc. no. 81-2 (filed on March 8, 2008).

The settlement agreement contains certain representations and recitals. The representations and recitals are set forth in paragraph 7. The introductory portion of paragraph 7 states as follows:

> 7. The United States Department of the Interior understands and agrees that the Comanche Nation and Fort Sill Apache Tribe assent and agree to terms set forth in the preceding paragraphs of this Agreement and hereafter in express reliance upon acknowledgment and agreement by the United States Department of the Interior that the following representations are true and correct:

The representation which is at issue in this case is found in subdivision i) of paragraph 7. That subdivision states as follows:

> i) The United States does not acknowledge and/or recognize the Chiricahua and/or Warm Springs Apache Tribes as "Federally Recognized Tribes", or as entities "acknowledged to have the immunities and privileges available to other federally acknowledged Indian tribes by virtue of their government-to-government relationship with the United States as well as the responsibilities, powers, limitations and obligations of such tribes." 70 Fed. Reg. 71194 at 1 (Nov. 25, 2005).

The motion for enforcement of the settlement agreement originally came on for hearing on August 7, 2008, seven days after the supplemental brief (doc. no. 102) was filed. At the August 7 hearing, the court did not address the matters set forth in the supplemental brief, because the government had not had an opportunity to respond to the new matters set forth in that brief. At the August 7 hearing, the court denied the motion (doc. no. 84), for the reasons which were set forth at length on the record at the hearing, subject to consideration of the matters set forth in the July 31 supplemental brief.

On September 12, 2008, the government responded to the supplemental brief (doc. no. 108), and the Fort Sill Apache Tribe filed a reply on September 26, 2008 (doc. no. 112). On October 1, 2008, the court held a hearing for the purpose of entertaining the arguments of counsel with respect to the matters set forth in the supplemental brief.

The focal point of the supplemental brief is a legal memorandum dated May 19, 2008, authored by Penny J. Coleman, Acting General Counsel of the National Indian Gaming Commission (NIGC) to Philip N. Hogen, Chairman of NIGC. The Coleman opinion was written in connection with the effort of the Fort Sill Apache Tribe to obtain approval of an amended gaming ordinance. That application for approval was withdrawn, with the result that, so far as the record in this case shows, there was no need for the chairman of the NIGC, or the full commission, to consider whether to adopt, as the official position of the commission, the conclusions set forth in the Coleman opinion. Thus, the Coleman opinion was prompted by a matter (the previously-filed application for approval of an amended gaming ordinance) which is no longer a live issue. However, much to the consternation of the Fort Sill Apache Tribe, the Coleman opinion could be read as being inconsistent with the recital in paragraph 7(i), quoted above, to the effect that the government does not acknowledge

or recognize the Chiricahua or Warm Springs Apache Tribes as federally recognized tribes.

It was because of the objections of the Fort Sill Apache Tribe to the analysis and conclusions set forth in the Coleman opinion[1] that the Fort Sill Apache Tribe determined that it would be necessary to file the supplemental brief and to pursue the issues set forth in that brief. It was made reasonably apparent at the October 1 hearing that, although the Coleman opinion does not represent the official position of the NIGC, and although that opinion addresses a matter which is no longer a live issue before the NIGC, the very existence of the Coleman opinion may have a significant adverse effect on the ability of the Fort Sill Apache Tribe to make the arrangements (perhaps including legal and financial arrangements) which are prerequisite to establishing the gaming operation which the Fort Sill Apache Tribe desires to conduct.

The arguments at the October 1 hearing did not change the result the court reached in the earlier (August 7, 2008) hearing on the present motion. The court concluded, and concludes once again, that the Fort Sill Apache Tribe has not shown that it is entitled to relief by way of enforcement of the settlement agreement, for the reasons which the court set forth at length on the record at the August 7 hearing and at the October 1 hearing. However, one matter was established with clarity at the October 1 hearing and a finding with respect to that matter should, in fairness to the Fort Sill Apache Tribe, be formalized in these proceedings. At the October 1 hearing, it was made abundantly clear to the court that the Chiricahua Tribe and the Warm Springs Apache Tribe are not federally recognized Indian tribes. No such status, with respect to those tribes, has been confirmed by publication in the Federal Register, nor has any such status been memorialized in any list of federally recognized tribes

---

[1] The Coleman opinion is in the record in this case as doc. no. 102-2, filed with the supplemental brief on July 31, 2008.

4

maintained by or at the direction of the Secretary of the Interior or any subordinate official in the Department of the Interior.

Accordingly, for the reasons set forth on the record at the August 7 and October 1, 2008 hearings, the motion by Fort Sill Apache Tribe of Oklahoma for Enforcement of Agreement of Compromise and Settlement, filed on March 11, 2008 (doc. no. 84) is **DENIED**. However, the court specifically finds, as set forth above, that the Chiricahua Apache and Warm Springs Apache Tribes have not been recognized by the United States of America, the United States Department of the Interior, or any subordinate officer or agency thereof.

DATED October 7, 2008.

*/s/ Stephen P. Friot*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0328p032.wpd