

**FORT SILL - CHIRICAHUA - WARM SPRINGS - APACHE TRIBE**

PHONE: (575) 544-0073 • FAX: (575) 544-0224
TOLL FREE: 1-877-826-0726
20885 FRONTAGE ROAD SE • AKELA, NM 88030

April 8, 2009

National Indian Gaming Commission
Attn: Ms. Shyloski, Ms. Dittler, OGC
1441 L Street NW
Washington D.C. 20005

                Re: Applicability of Department of Interior
                Section 20 Regulations to Akela Flats NM

Dear Ms. Shyloski and Ms. Dittler,

The Fort Sill Apache ("FSA") Tribe is in receipt of the NIGC's recent request for additional information bearing upon the FSA's position regarding the status of trust lands located in Akela Flats, New Mexico. While the FSA believes the NIGC is requesting the information in good faith, in light of the on-going controversy surrounding the legality of the site for gaming purposes, it must decline to submit anything beyond the following arguments. First, the FSA has complied fully with the submission requirements set forth in 25 CFR §559.2. Second, the newly adopted "Section 20" regulations do not apply in these circumstances, in that 25 CFR §292.26 specifically exempts property such as Akela Flats from the new regulations. Finally, the withdrawal of the Indian lands opinion of May 19, 2008 serves to foreclose any further consideration of the status of the property. The NIGC simply has no legal authority to "reconsider" the matter at this juncture. We submit the following in support of these contentions.

## BACKGROUND AND ANALYSIS

The Indian Gaming Regulatory Act ("IGRA") requires, and the NIGC has the ability to enforce, the proper issuance of a facility license for each and every casino location pursuant to a properly approved gaming ordinance. The FSA has an approved ordinance pursuant to IGRA, which requires the proposed facility to be located on "Indian lands" within the meaning of IGRA. For any lands acquired following the enactment of IGRA, the provisions of 25 USC §2719 et. seq must be satisfied.

The FSA issued a facility license in accordance with the applicable regulations over a year ago. On March 3, 2008, the NIGC published 25 CFR part §559.2 (a), which required the FSA to submit a facility license "at least 120 days before opening", with information including address, legal description, tract number assigned by BIA or trust deed, and documentation of ownership. Shortly thereafter the Chairman, "in his discretion", requested "Indian Lands" documentation pursuant to 25 CFR §559.7, in the form of the FSA legal opinion concerning the legal status of the FSA property, and eligibility for gaming purposes pursuant to 25 USC §2719 et. seq. The NIGC also sent staff to Akela Flats and obtained information from the State of New Mexico as to the FSA's proposed operation at Akela Flats.

---

**MOUNTAIN SPIRIT DANCER**

Mountain Spirit Dancer represents the Mountain Spirit Ceremony which is used by the Chiricahua and Warm Springs Apache.
It was given to the Apaches by the Mountain Spirits for blessing, protection, curing and warding off diseases. The Ceremony is still used today.

On May 19, 2008, the NIGC issued an opinion to the effect the lands did not meet the definition of Indian lands pursuant to 25 USC §2719 et. seq. The very next day, on May 20, 2008, the BIA issued revised "Section 20" regulations concerning tribal lands acquired after 1988. Pursuant to the regulation appearing in 25 CFR §292.26 (b), the NIGC retained the "full discretion to qualify, withdraw, or modify such opinion(s)" previously issued which had not yet become final agency actions". However, the balance of the regulations **"shall not apply to applicable agency actions when before the effective date of these regulations, the Department or NIGC issued a written opinion regarding the applicability of 25 USC §2719 for land to be used for a particular gaming establishment."** (emphasis added).

On October 1, 2008, the United States in Comanche Nation v. United States, et al., CIV-05-328-F, (W.D.Ok) gave "Notice of Material Change of Status" ("Notice") with respect to their previous position in the matter by choosing to "withdraw" the May 19, 2008, opinion, "in an effort to address the legal arguments raised by the Fort Sill Apache in this action." The Notice further indicated that "as a result of a new argument provided by the Fort Sill Apache Tribe, the Office of General Counsel is in the process of reviewing and reconsidering the May 19, 2008, opinion." Notice at 2.

Five months have passed since the NIGC served Notice it was withdrawing its opinion in light of the facts and arguments before the Court in Comanche Nation v. United States. The FSA wrote the BIA seeking guidance as to the applicability of the Section 20 regulations to the FSA's lands at Akela Flats, but to date has received no response. In the meantime the FSA has spent tens of thousands of dollars in reliance upon the October 1, 2008 "Notice of Material Change in Status" preparing for the eventual opening of the facility, a factor which should weigh very heavily in the Government's consideration of the matter.

In summary the time for submissions with respect to Facility License Regulation pursuant to 25 CFR 559.2 has long passed. The options available to the NIGC are those set forth in §292.2(b), qualification, withdrawal or modification. Having chosen to withdraw the Indian lands opinion of May 19, 2008 the following October, the NIGC is foreclosed from "reconsidering" the issue at this juncture, in that §292.26 (b) does simply does not afford reconsideration as an option.

Thank you for your attention to this matter.

Jeff Houser

Tribal Chairman