# NATIONAL INDIAN GAMING COMMISSION

## NOTICE OF VIOLATION

NOV-09-35

TO: Fort Sill Apache Tribe of Oklahoma
Agent for Service of Process
Attn: Jeff Houser, Chairman
Route 2, Box 121
Apache, OK 73006
Fax: (580) 588-3133

Fort Sill Apache Tribe of Oklahoma
Office of the Gaming Commission
Attn: Sam Horton, Chairman
P.O. Box 809
Lawton, OK 73502-0809
Fax: (580) 354-1500

1. Notification of Violation

   The Chairman of the National Indian Gaming Commission (NIGC) hereby gives notice that the Fort Sill Apache Tribe of Oklahoma (Respondent or Tribe), located in Apache, Oklahoma, has violated the Indian Gaming Regulatory Act, 25 U.S.C. § 2719, by gaming on Indian lands ineligible for gaming at 20885 Frontage Road Southeast, Deming, New Mexico, otherwise known as "Akela Flats."

2. Authority

   Under the Indian Gaming Regulatory Act (IGRA) and NIGC regulations, the Chairman of the NIGC (Chairman) may issue a Notice of Violation (NOV) to any person for violation of any provision of the IGRA, NIGC regulations, or any provision of a tribal gaming ordinance or resolution approved by the Chairman. 25 U.S.C. § 2713; 25 C.F.R. § 573.3.

3. Applicable Federal Laws and Regulations

   A. IGRA provides that a Tribe may engage in class II gaming only on Indian lands. 25 U.S.C. § 2710(b).

B. IGRA defines Indian lands to mean (A) all lands within the limits of any Indian reservation and (B) any lands title to which is either held in trust by the United States for the benefit of any Indian tribe or individual or held by any Indian tribe or individual subject to restriction by the United States against alienation and over which an Indian tribe exercised governmental power. 25 U.S.C. § 2703(4).

C. NIGC regulations defines Indian lands to mean (a) land within the limits of an Indian reservation; or (b) land over which an Indian tribe exercises governmental power and that is either (1) held in trust by the United States for the benefit of any Indian tribe or individual; or (2) held by an Indian tribe or individual subject to restriction by the United States against alienation. 25 C.F.R. § 502.12.

D. IGRA further provides in 25 U.S.C. § 2719:

(a) that gaming shall not be conducted on lands acquired by the Secretary in trust for the benefit of an Indian tribe after October 17, 1988 unless --

(1) such lands are located within or contiguous to the boundaries if the reservation of the Indian tribe on October 17, 1988; or

(2) the Indian tribe has no reservation on October 17, 1988, and

(A) such lands are located in Oklahoma and

(i) are within the boundaries of the Indian tribe's former reservation, as defined by the Secretary, or

(ii) are contiguous to other land held in trust or restricted status by the United States for the Indian tribe in Oklahoma; or

(B) such lands are located in a State other than Oklahoma and are within the Indian tribe's last recognized reservation within the State or States within which such Indian tribe is presently located.

(b) Exceptions

(1) Subsection (a) of this section will not apply when –

(A) . . .

(B) lands are taken into trust as part of –

(i) a settlement of a land claim,

(ii) the initial reservation of an Indian tribe acknowledged by the Secretary under the Federal acknowledgement process, or

(iii) the restoration of lands for an Indian tribe that is restored to Federal recognition. . . . .

C. Under 25 C.F.R. § 292.7, gaming may occur on newly acquired lands under the "restored lands" exception only when all of the following conditions are met:

(a) The tribe at one time was federally recognized, as evidenced by meeting the criteria in § 292.8;

(b) The Tribe at some later time lost its government-to-government relationship by one of the means specified in § 292.9;

(c) At a time after the tribe lost its government-to-government relationship, the tribe was restored to Federal recognition by one of the means specified in § 292.10; and

(d) The newly acquired lands meet the criteria of "restored lands" in § 292.11.

D. For a tribe to qualify as having lost its government-to-government relationship under 25 C.F.R. § 292.9, it must show that its government-to-government relationship was terminated by one of the following means:

(a) Legislative termination;

(b) Consistent historical written documentation from the Federal Government effectively stating that it no longer recognized a government-to-government relationship with the tribe or its members or taking action to end the government-to-government relationship; or

(c) Congressional restoration legislation that recognizes the existence of the previous government-to-government relationship.

4. Role of Prohibition against Gaming on Land Acquired after October 17, 1988

IGRA explicitly limits the trust lands where Indian gaming can be conducted to trust lands acquired before October 17, 1988 and, in limited circumstances, upon trust lands acquired after that date as set forth in 25 U.S.C. § 2719. There is no legislative history regarding § 2719. However, it is apparent from the statutory scheme that Congress intended to limit the expansion of Indian gaming on trust land acquired after October 17, 1988.

5. Circumstances of the Violation

A. Respondent is a federally recognized Indian Tribe with tribal headquarters in Apache, Oklahoma.

B. On June 26, 2002, the parcel known as Akela Flats located in Deming, New Mexico was acquired into trust by the United States on behalf of the Fort Sill Apache Tribe.

C. On May 19, 2008, the NIGC Office of General Counsel issued an advisory legal opinion that considered whether the Tribe could lawfully game under IGRA on Akela Flats. Because the land is held in trust for the benefit of the Tribe by the United States, it qualifies as "Indian lands" under IGRA, 25 U.S.C. § 2703(4)(B). However, the Tribe acquired the land into trust after October 17, 1988. Therefore, the advisory legal opinion considered whether Akela Flats was eligible for gaming under the after acquired trust land prohibition of IGRA, 25 U.S.C. § 2719.

D. The May 19, 2008 advisory legal opinion concluded that the Tribe did not meet any of the exceptions to the general prohibition of gaming on after acquired trust land or as the Tribe's last recognized reservation within the State that it is presently located. Therefore, the NIGC Office of General Counsel concluded that the Tribe could not lawfully game under IGRA on Akela Flats.

E. On April 30, 2009, the Office of General Counsel issued an addendum to the May 19, 2008 advisory legal opinion. This legal opinion supplements the Office of General Counsel's May 19, 2008 legal opinion and considers a new argument made by the Tribe after the Office of General Counsel issued its May 19, 2008 legal advisory opinion. Specifically, the Tribe contends that it should be considered a restored tribe pursuant to the restored lands exception, 25 U.S.C. § 2719(b)(1)(B)(iii) and 25 C.F.R. § 292.7, because the United States once maintained a government-to-government relationship with the Chirachua and the Warn Springs Apache Tribes, of which the Fort Sill Apache Tribe is the successor of interest, and the United States no longer recognize the Chirachua and the Warn Springs Apache Tribes was a Federally recognized Tribe.

Therefore, the Tribe contends that its government-to-government relationship was terminated as required by 25 C.F.R. § 292.9.

F. The OGC legal advisory addendum concluded that the Tribe had not demonstrated historical written documentation from the Federal government effectively stating that it no longer recognizes a government-to-government relationship with the Fort Sill Apache Tribe or its members or taking action to end the government-to-government relationship. Therefore, the opinion concluded that the Tribe failed to produce the necessary documentation to support a claim that its government-to-government relationship was terminated as required by 25 C.F.R. § 292.9(b).

G. Nor did the Tribe establish government-to-government termination by legislative termination or Congressional restoration legislation that recognizes the existence of the previous government-to-government relationship, as required by 25 C.F.R. § 292.9 (a) and (c).

H. Because the Tribe cannot establish that its government-to-government relationship was terminated, it does not meet the requirements of the restored lands exception defined in 25 C.F.R. § 292.7. As a consequence, the Akela Flats site, although Indian lands, remains ineligible for gaming under IGRA.

I. Today, I adopt the Office of General Counsel's reasoning and conclusions set forth in its advisory legal opinions, dated May 19, 2008 and April 30, 2009.

J. As a consequence, the Akela Flats parcel, although Indian lands, is ineligible for gaming under IGRA because it fails to satisfy any exception to the prohibition on gaming on after acquired trust lands.

K. On or about April 9, 2009, the Tribe opened its gaming facility, Apache Homeland Casino, at Akela Flats.

L. The Tribe operated its gaming facility, Apache Homeland Casino, during April 2009, undertaking the play of Class II gaming at the gaming facility. Specifically, on April 16, 2009, at approximately 6:15 pm, sixty-five (65) people engaged in a game of bingo at the Apache Homeland Casino and received monetary prizes for winning eight (8) different bingo games.

M. As of July 16, 2009, the Tribe was continuing to conduct class II gaming at the Apache Homeland Casino located on the Akela Flats parcel.

N. By conducting Indian gaming on Indian lands ineligible for gaming, the Tribe is in violation of IGRA, 25 U.S.C. § 2719.

6. Measures Required to Correct the Violation

There is no way for the Tribe to cure any past action of gaming on lands ineligible for gaming under IGRA. To correct the on-going violation, the Tribe must immediately cease all gaming operations at Akela Flats.

7. Appeal

Within thirty (30) days after service of this Notice of Violation, Respondent may appeal to the full Commission under 25 C.F.R. Part 577 by submitting a notice of appeal, and, if desired, request for hearing to the National Indian Gaming Commission, 1441 L Street NW, Ninth Floor, Washington, DC 20005. Respondent has a right to assistance of counsel in such an appeal. A notice of appeal must reference this Notice of Violation.

Within ten (10) days after filing a notice of appeal, Respondent must file with the Commission a supplemental statement that states with particularity the relief desired and the grounds therefore and that includes, when available, supporting evidence in the form of affidavits. If Respondent wishes to present oral testimony or witnesses at the hearing, Respondent must include a request to do so with the supplemental statement. The request to present oral testimony or witnesses must specify the names of proposed witnesses and the general nature of their expected testimony, whether a closed hearing is requested and why. Respondent may waives its right to an oral hearing and instead elect to have the matter determined by the Commission solely on the basis of written submissions.

8. Fine-Submission of Information

The violation cited above may result in the assessment of a civil fine against Respondent in an amount not to exceed $25,000 per violation per day. Under 25 C.F.R. § 575.5(a), Respondent may submit written information about the violation to the Chairman within fifteen (15) days after service of this notice of violation (or such longer period as the Chairman may grant for good cause). The Chairman shall consider any information submitted in determining the facts surrounding the violation and the amount of the civil fine, if any.

Dated this ____ of July, 2009

PHILIP N. HOGEN
Chairman

**Certificate of Service**

I certify that this **Notice of Violation** was sent by facsimile transmission and certified U.S. mail, return receipt requested, on this 21st day of July, 2009 to:

Fort Sill Apache Tribe of Oklahoma
Agent for Service of Process
Attn: Jeff Houser, Chairman
Route 2, Box 121
Apache, OK 73006
Fax: (580) 588-3133

Fort Sill Apache Tribe of Oklahoma
Office of the Gaming Commission
Attn: Sam Horton, Chairman
P.O. Box 809
Lawton, OK 73502-0809
Fax: (580) 354-1500

Dena Wynn