MEMORANDUM OF AGREEMENT
BETWEEN
THE NATIONAL INDIAN GAMING COMMISSION
AND
THE DEPARTMENT OF THE INTERIOR

WHEREAS, both parties agree that they are in need, from time to time, of legal advice on whether lands are eligible for gaming pursuant to the Indian Gaming Regulatory Act (IGRA) and that such advice must be provided in a timely fashion;

NOW, THEREFORE, the National Indian Gaming Commission (NIGC) and the Department of the Interior (DOI) agree to the terms of this MEMORANDUM OF AGREEMENT as follows:

1. The DOI and NIGC agree that whether a tribe meets one of the exceptions in 25 U.S.C. § 2719 (e.g. settlement of a land claim, restored lands for a restored tribe, or an initial reservation of a tribe acknowledged through the Part 83 process) is a decision made by the Secretary when he or she decides to take land into trust or restricted fee for gaming.

2. The DOI and NIGC agree that deciding whether gaming is being conducted on Indian lands is a basic and essential requirement under IGRA.

3. To the extent the Secretary or the Chairman seek legal advice for actions under IGRA which are dependant whether the lands are eligible for gaming, the NIGC Office of General Counsel ("OGC") and the DOI Office of the Solicitor ("Solicitor") agree to the following:

    - If the Secretary is considering a fee-to-trust or restricted fee acquisition, then the DOI's Division of Indian Affairs ("DIA") will consult with the Bureau of Indian Affairs ("BIA") and provide legal advice as to whether BIA must complete a two-part determination as part of the fee-to-trust acquisition;

    - If a tribe and a state submit a Class III Tribal-State Compact for gaming on existing trust or restricted fee lands, then the DIA will draft the legal opinion whether the tribe has "Indian lands" as defined by IGRA; and

    - If a tribe requests that the NIGC approve a management contract or ordinance for gaming on existing trust or restricted fee lands, then the OGC will draft the legal opinion to the Chairman on whether the tribe has "Indian lands" as defined by IGRA.

4. Regardless of whether the DIA or OGC is drafting the opinion, prior to the opinion (or drafts) being released to entities other than the DOI and the NIGC, the Solicitor must concur in any opinion that provides legal advice relating to:

- The definition of "Indian lands;"
- The exceptions in 25 U.S.C. § 2719; or
- A tribe's jurisdiction over Indian lands, or the boundaries of a tribe's reservation.

5. A request for concurrence on all legal opinions subject to this agreement will include a draft of the opinion and copies of all supporting documents. Within 30 working days of receiving the request, the Solicitor will notify DIA and OGC of its intent to either concur or not concur.

6. Notwithstanding the 30 working day limit in paragraph 5, the OGC may inform the Solicitor of exigent circumstances that require an expedited process. Upon agreement of the parties of the need for expedition, the Solicitor will notify the OGC within 5 working days of its intent to concur or not concur.

7. If a legal opinion is re-submitted that addresses the issues of non-concurrence, the Solicitor will notify the OGC of its intent to concur or not concur within 10 working days.

8. If a tribe appeals a decision of the Chairman to the full Commission pursuant to the Commission's regulations in effect at the time of the appeal and the subject of that appeal is an Indian lands opinion that has been issued pursuant to this MOA, then counsel to the full Commission must follow the procedures outlined in the MOA before issuing final advice to the Commission and the Solicitor's response to the proposed advice to the Commission shall become part of the record considered by the Commission.

9. Each party to the MOA will advise the other party within 15 working days of receiving a request pertaining to whether lands are eligible for gaming pursuant to IGRA. The party receiving the request will inform the other party of the individual specifically assigned to work on the legal opinion. In addition, the parties shall periodically coordinate and update pending opinion requests.

10. If either party has a need for additional information or assistance from the other party in order to develop a legal opinion, then the party requiring the information will request such information or assistance in writing to the other party. To the extent either party is able to comply with such a request, it will fully and promptly cooperate with the request. If unable to comply with such request, notice shall be promptly given to the requesting party.

11. The party responsible for the initial draft of the legal opinion shall provide the other party with reasonable time to review the draft and make written comments. The party making the comments will designate the individual responsible and notify the other party. All comments will be provided to the requesting party within 30 working days.

12. The DIA and the OGC will work cooperatively and make every attempt to reach agreement on all opinions subject to this agreement before submitting a draft legal opinion for concurrence.

13. To meet the demands caused by the need for opinions subject to this agreement, the NIGC will fund an attorney position (one FTE) within the DIA for 2 years with additional years, if any, to be added upon agreement of the parties. This attorney position and funding will remain in effect and unaltered by the termination provisions of paragraph 17.

14. This MEMORANDUM OF AGREEMENT supersedes the MEMORANDUM OF AGREEMENT previously entered into between the General Counsel and the Solicitor of the DOI regarding Indian lands opinions.

15. This MEMORANDUM OF AGREEMENT shall be effective upon signatures by both parties and will terminate 1 year after the date of execution, unless extended by mutual agreement.

Dated this  6   day of Jan., 2009

For the National Indian Gaming
Commission:
Chairman

_____
Philip N. Hogen
Chairman

Dated this 14 day of Jan., 2009

For the United States Department
of the Interior:
Solicitor

_____
David L. Bernhardt
Solicitor